# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1263 | **DATE** | 5/10/2011 |
| **CASE TITLE** | Otis Nicholson vs. Synch Solutions | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss the Plaintiff's 3rd Amended Complaint [49] is granted. Request to Deny 3rd Motion to Dismiss [51] is denied. Otis Nicholson is granted leave to file a Fourth Amended Complaint only with respect to his 42 U.S.C. § 1981 claim by June 17, 2011.

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the Court is Defendant Synch Solution's ("Synch") Motion to Dismiss Plaintiff Otis Nicholson's ("Nicholson") Third Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). Nicholson filed a Third Amended Complaint on March 17, 2011, alleging that his rights under Title VII and 42 U.S.C. § 1981 were violated. For the following reasons the Motion is granted.

Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if [he] do[es] not, the plaintiff pleads [himself] out of court." Wilson v. Price, 624 F.3d 389, 391-92 (7th Cir. 2010) (citing Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes Nicholson's *pro se* pleadings liberally, see Pearle Vision, Inc. v. Romm, 541 F.3d 751, 759 (7th Cir. 2008), and accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. Wilson, 624 F.3d at 391. A plaintiff, however, may plead himself out of court by "pleading facts that establish an impenetrable defense to its claims." Tamayo, 526 F.3d at 1086 (citing Massey v. Merrill Lynch & Co., 464 F.3d 642, 650 (7th Cir. 2006)). Pleadings consist of "the complaint, any exhibits attached thereto, and the supporting briefs." Cole v. Milwaukee Area Technical Coll. Dist., 634 F.3d 901, 903 (7th Cir. 2011) (citing Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753 (7th Cir. 2002)). "Dismissal is proper if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" Wilson, 624 F.3d at 392 (quoting Kennedy v. Nat'l Juvenile Det. Ass'n, 187 F.3d 690, 694 (7th Cir. 1999)). "Finally, a complaint must allege facts bearing on all material elements 'necessary to sustain a recovery under some viable legal theory.'" Looper Maint. Serv. Inc. v. City of Indianapolis, 197 F.3d 908, 911 (7th Cir. 1999) (quoting Herdrich v. Pegram, 154 F.3d 362, 369 (7th Cir. 1998)).

As an initial matter, the Court notes that in granting Nicholson leave to submit a Third Amended Complaint, the Court ordered Nicholson to address the issue of whether Synch actually employed him.

| STATEMENT |
|---|

Minute Order, Feb. 7, 2011. In his Third Amended Complaint, Nicholson asserts that he was employed at the Illinois State Toll Way and Highway Authority working as a Project Manager with Synch Solution and HNTB. Third Am. Compl. ¶ 8. Nicholson characterizes his relationship to Synch as a joint employment relationship under the Fair Labor Standards Act of 1938. Id. ¶ 9. Synch argues that Nicholson's pleadings contain baseless conclusions and irrelevant and inapplicable case law regarding the application of the Fair Labor Standards Act. Further, Synch points out that in his Response, Nicholson wavers between referring to himself an independent contractor and asserting that AMS Dean, HNTB, ISTHA and Synch are his joint employers. To make matters worse for Nicholson, the exhibits attached to the Complaint, including Synch-Solutions Offer letter, New Hire Fact Sheet, and Termination Letter, specifically identify Nicholson as an independent contractor, not an employee. Third Am. Compl. Exs. II-IV. Independent contractors do not have standing to sue under Title VII. Vakharia v. Swedish Covenant Hosp., 190 F.3d 799, 806 (7th Cir. 1999). Nicholson has failed to raise a right to relief under Title VII above a speculative level and has therefore pleaded himself out of court. Accordingly, Nicholson's Title VII claims are dismissed with prejudice. See Sound of Music Co. v. Minnesota Min. & Mfg. Co., 477 F.3d 910, 922-23 (7th Cir. 2007) ("If the amended claim would not survive a motion for summary judgment, the amendment is futile." (citing Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001))).

    The Court now turns to Nicholson's remaining discrimination claim pursuant to § 1981. To establish a prima facie case of § 1981 discrimination, Nicholson must show: (1) he is a member of a protected class; (2) his job performance met his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) other similarly situation persons who were not in the protected class were treated more favorably. See Fane v. Locke Reynolds, LLP, 480 F.3d 534, 538 (7th Cir. 2007). Synch correctly identified that Nicholson's Third Amended Complaint is deficient because it does not allege facts bearing on all material elements necessary to sustain recovery. Specifically, Nicholson has failed to allege facts that: (1) his job performance met his employer's legitimate performance expectations; and (2) Thomas Berry, his alleged "replacement," was a similarly-situated employee, i.e., by failing to allege that they had the same primary responsibilities or held the same qualifications. Nicholson's discrimination claim pursuant to § 1981 is therefore dismissed. If Nicholson can cure the deficiency in his Third Amended Complaint, with respect only to his § 1981 claim, with sufficient detail to withstand a subsequent motion to dismiss, he may file a Fourth Amended Complaint by June 17, 2011.

    IT IS SO ORDERED.

U.S. DISTRICT COURT

2011 MAY 10 PM 3:42

FILED