# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1263 | **DATE** | 9/19/2011 |
| **CASE TITLE** | Otis Nicholson vs. Synch Solutions | | |

**DOCKET ENTRY TEXT**

Defendant's Motion to Dismiss the Plaintiff's 4th Amended Complaint [60] is granted in part and denied in part.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Before the Court is Defendant Synch Solution's ("Synch") motion to dismiss *pro se* Plaintiff Otis Nicholson's ("Nicholson") Fourth Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). For the following reasons, Synch's motion is granted in part and denied in part.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957)). Courts must approach Rule 12(b)(6) motions "by construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009) (quotations omitted). Finally, "[i]t is the well-settled law of this circuit that *pro se* complaints are to be liberally construed . . . [and] may only be dismissed if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." McCormick v. City of Chi., 230 F.3d 319, 325 (7th Cir. 2000) (citations omitted).

Nicholson filed the original complaint in this case on February 27, 2009. On March 17, 2011, Nicholson filed a Third Amended Complaint against Synch, alleging violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. On May 10, 2011, the Court dismissed Nicholson's Title VII claim with prejudice and his § 1981 claim without prejudice. The Court ruled that, "[i]f Nicholson can cure the deficiency in his Third Amended Complaint, with respect only to his § 1981 claim, with sufficient detail to withstand a subsequent motion to dismiss, he may file a Fourth Amended Complaint by June 17, 2011." Minute Order, May 10, 2011 [Docket # 56].

Nicholson filed the instant five-count Fourth Amended Complaint on June 17, 2011. Counts I-IV allege discrimination, retaliation, failure to hire, and disparate treatment claims under § 1981. Appearing for the first

time is a claim, Count V, styled "Demand for Relief for Conspiracy against Defendants for violations of 42 USC 1985 and Intentional Interference." The Fourth Amended Complaint also adds three new defendants: AMS Dean, HNTB, and the Illinois State Toll Highway Authority ("ISTHA"). HNTB filed a motion to dismiss on September 1, 2011 to which Nicholson has yet to respond. The Court does not address HNTB's motion here.

Synch's motion to dismiss the § 1985 claim (Count V) is granted without prejudice. This is Nicholson's fourth attempt at a complaint in a case that is over two years old. The Court's May 10 Order granted Nicholson permission to file a fourth amended complaint "with respect only to his § 1981 claim" and Nicholson has not otherwise sought leave to file an amended complaint. "[T]he Supreme Court has made clear that even *pro se* litigants must follow rules of civil procedure." Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006) (citation omitted). If Nicholson seeks to pursue additional claims in this matter, he must attempt to do so under Federal Rule of Civil Procedure 15(a), which governs amendments to pleadings.

With respect to Counts I-IV, Nicholson has alleged enough to survive a motion to dismiss. Nicholson alleges that he is a black male and that Synch has subjected him to race discrimination by providing him "inadequate office space, no facilities, [and] no internet/intranet access or email capabilities" whereas non-African American Project Managers were provided "office space, supplies, internet/intranet, email access and MS Office software." Fourth Am. Compl. ¶¶ 20, 21. Nicholson further alleges that, on August 15, 2007, HNTB employee Sharif Abou-Sabn called him a "[b]ig bald black walking around acting tough and bad." Id. ¶ 24. Nicholson reported this comment to his Synch supervisor on August 16, 2007 and, on August 30, 2007, he was terminated. Nicholson claims that white male Thomas Berry, who allegedly replaced him on November 14, 2007, is a similarly situated employee. He further claims that his job performance met Synch's legitimate expectations and that Synch's stated reason for his termination – that he was using the internet and not working – is pretextual. Under Rule 12(b)(6), Nicholson need not plead all the facts necessary to meet the burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) ("The prima facie case under McDonald Douglas . . . is an evidentiary standard, not a pleading requirement."); Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010) (upholding application of Swierkiewicz in light of Twombly and Iqbal). Based on the liberal pleading standards set forth above, as well as on Nicholson's *pro se* status, the Court finds that the Fourth Amended Complaint alleges sufficient factual detail to withstand Synch's motion to dismiss Nicholson's § 1981 discrimination claims.

Nicholson's § 1981 retaliation claim (Count II) is also sufficient, based on the same liberal standards, to survive a motion to dismiss. A plaintiff alleging retaliation on account of protected conduct "must provide some specific description of that conduct beyond the mere fact that it is protected . . . [and] must further specify the 'conduct in the workplace' that [plaintiff] reported." See EEOC. v. Concentra Health Services, Inc., 496 F.3d 773, 781 (7th Cir. 2007) (quotation omitted). Nicholson reported Abou-Sabn's comment on August 16, 2007. On August 30, 2007, Nicholson informed Synch, HTNB and AMS Dean that his "Civil Rights had been violated based on Racial Discrimination and Harassment." Fourth Am. Compl. ¶ 27. Nicholson alleges that, on the same day, Synch "contacted AMS Dean to terminate [my] contract because [I] complain[ed] about HNTB discrimination." Id. ¶ 28. With these allegations, Nicholson has specified the nature of the protected conduct for which he alleges to have suffered retaliation. See Concentra, 496 F.3d at 775-76; Little v. Ill. Dep't of Revenue, No. 10 C 4928, 2011 WL 3021729, at *2 (N.D. Ill. July 21, 2011). This is sufficient to put Synch on notice of Nicholson's retaliation claim.

For the foregoing reasons, Synch's motion to dismiss is granted with respect to Count V and denied with respect to Counts I-IV.

IT IS SO ORDERED.